```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                              )
JUAN C. MARTINEZ,             )
                              )
          Plaintiff,          )
                              )
     v.                       )    C.A. No. 18-21 WES
                              )
CAPTAIN DUFFY; MATTHEW KETTLE;)
ASHBEL T. WALL, II, Director of)
Department of Corrections,    )
                              )
          Defendants.         )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

On February 5, 2018, Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation ("R&R") (ECF No. 4) recommending that Plaintiff's Motion for Leave To Proceed In Forma Pauperis (ECF No. 2) be denied. After carefully reviewing the R&R and the relevant papers, and having heard no objections, the Court ACCEPTS the R&R in its entirety and adopts the reasoning outlined therein. Therefore, the Court DENIES Plaintiff's Motion for Leave To Proceed In Forma Pauperis (ECF No. 2).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 8, 2018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN C. MARTINEZ,
        Plaintiff,

v.                                              C.A. No. 18-21WES

CAPTAIN DUFFY, MATTHEW KETTLE,
and ASHBEL T. WALL,
        Defendants.

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      On January 17, 2018, Plaintiff Juan C. Martinez, a prisoner held at the Adult Correctional Institutions ("ACI"), filed a hand-written *pro se* § 1983 complaint against three Rhode Island Department of Corrections ("RIDOC") employees based on his claim that they were deliberately indifferent to his medical need to be housed in front of a control center because he suffers from seizures, as well as other medical issues. With his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, which has been referred to me for determination.[1]

      Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), IFP status is not available to a prisoner who has brought three or more cases that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (May 18, 2015). Plaintiff qualifies as a three-striker based on the following cases that were terminated by dismissal for failure to state a claim in the District of Rhode Island:

---

[1] Because I find that the IFP application should be denied, I address it by report and recommendation. See Janneh v. Johnson & Wales Univ., No. CA 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed IFP is the functional equivalent of an involuntary dismissal and magistrate judge should issue report and recommendation for final decision by district court).

**Strike One**: Martinez v. R.I. Dep't of Corrs., C.A. 11-071-L, slip op. at 2-3 (D.R.I. Mar. 23, 2011) (case dismissed for failure to state a claim because allegations were "disjointed and frequently incomprehensible" and fail to set out how any violation of civil rights occurred);

**Strike Two**: Martinez v. Wall, C.A. No. 11-429-S, slip op. at 2-5 (D.R.I. Dec. 14, 2011) (case dismissed for failure to state a claim because improper defendant named, facts alleged do not rise to level of constitutional violation and fail to state cognizable due process claim);

**Strike Three**: Martinez v. McCray, C. A. No. 17-325-JJM-PAS, 2017 WL 4640327, at *2 (D.R.I. Oct. 13, 2017) (case dismissed for failure to state a claim because no constitutional violations are cognizable based on allegations that correctional officer broke plaintiff's television set and placed him in segregation for thirty-one days).

A fourth potential strike occurred when Martinez v. Clark, C.A. No. 12-788-S, was screened pursuant to 28 U.S.C. § 1915 (e)(2) and § 1915A. Slip op. at 5-7 (D.R.I. June 7, 2013). The Court held that the complaint was "unclear, rambling, and confusing" and "fails to state a claim on which relief may be granted." Id. at 5. However, the dismissal was without prejudice to Plaintiff amending his pleading; because he failed to do so, the case was dismissed and terminated. The First Circuit has not decided whether a dismissal without prejudice constitutes a strike under the PLRA. The majority of the other circuits that have addressed the issue hold that it does because 28 U.S.C. § 1915(g) does not distinguish between dismissals with prejudice and those without. See Campbell v. Nassau Cty. Sheriff Dep't of Corrs., 14-CV-6132 (CBA) (LB), 2017 WL 5513630, at *3 (E.D.N.Y. Nov. 15, 2017) (unpublished) (citing cases from Sixth, Seventh, Eighth and Ninth Circuits). The Fourth Circuit has held that dismissal without prejudice is not a strike under PLRA. McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("dismissal without prejudice for failure to state a claim is not an adjudication on the merits" and therefore does not count as a strike under PLRA). There is no need to decide this issue in light of the three unambiguous strikes listed above.

Based on the foregoing three strikes, Plaintiff is not eligible for IFP status, unless his complaint falls within the PLRA exception to the three-strikes rule for cases alleging that the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To invoke the exception, two elements must be met: the harm must be imminent and the claim for relief asserted must be for the alleviation of that threat of harm. Judd v. United States, C.A. No. 06-10172-PBS, 2010 WL 1904869, at *3 (D. Mass. May 5, 2010) (citing Judd v. Fed. Election Comm'n, 311 F. App'x 730, 731 (5th Cir. 2009)). The inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam).

In this case, Plaintiff alleges that he fears he will have a seizure, dizzy spell or other medical issue that is undetected because he is not housed close to the front desk. However, he does not allege that any medical provider has prescribed that he is medically in need of such close surveillance, despite repeated hospitalizations, including at Rhode Island Hospital. Moreover, Plaintiff's complaint also alleges that he has been arguing with RIDOC officials about his cell location since at least June 2017, but has been refused the cell that he wants, in part because of plumbing and heating issues. ECF No. 1 at 2-3. The pleading makes clear that RIDOC is aware of Plaintiff's medical issues and of his desire to be housed near to a front desk, including that this matter has been the subject of grievances and ongoing discussion between Plaintiff and ACI staff over a period of many months.

Based on the circumstances described in the complaint, I find that the pleading establishes Plaintiff's fear of a seizure or other medical issue that is not swiftly detected, but that such a fear, ungrounded in a concrete medically-based opinion, does not rise to the level of

"evidenc[e of] the likelihood of imminent serious physical injury." Johnson, 200 F. App'x at 272; see Petaway v. Porter, C.A. No. 13-794 S, 2014 WL 4168462, at *1 (D.R.I. Aug. 20, 2014) (complaint that fails to articulate danger greater than fear that future attack may occur does not fall within exception to three-strikes rule); Cash v. Bernstein, No. 09 Civ.1922(BSJ)(HBP), 2010 WL 5185047, at *3 (S.D.N.Y. Oct. 26, 2010), adopted, 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010) (unsupported speculation that plaintiff needs to see wound specialist to avoid gangrene not sufficient to show imminent danger of serious physical harm). Accordingly, this complaint does not fall into the three-strikes exception.

Also pertinent is that Plaintiff already has pending in a case filed in this Court on December 2, 2016, his overarching claim that RIDOC has not properly responded to his medical issues. Martinez v. Clarke, C.A. No. 16-642JJM (D.R.I.) (ECF No. 1 at 3). On January 19, 2018, that case was referred to Alternative Dispute Resolution for mediation services.[2] See C.A. No. 16-642JJM (ECF No. 49). Therefore, it would appear that Plaintiff's prayer for the remedy of placement in a location where a medical emergency will be observed can be addressed in this already-pending 2016 case in which Plaintiff was afforded IFP status. Far from lacking a forum to address his concern about cell placement, Plaintiff may raise his housing location in the mediation of the 2016 case; if that is unavailing, he can ask the Court for injunctive relief in the context of that case. IFP status to prosecute a new case is not necessary.

Alternatively, I find that Plaintiff's IFP motion should be denied because he did not submit a copy of his prisoner trust fund account statement certified by an appropriate official at the ACI as required by 28 U.S.C. § 1915(a)(2) for the six-month period immediately preceding the filing of his complaint on January 17, 2018. Plaintiff attached an inmate statement dated

---

[2] To ensure that the fear raised in the 2018 case will be addressed in the mediation of the 2016 case, a copy of this report and recommendation will be provided to the mediator.

June 15, 2017, which covered January 1 to June 15, 2017; this does not satisfy the requirement. See ECF No. 2-2. If the Court rejects the recommendation above based on the PLRA three-strikes rule, the IFP application should not be approved unless and until Plaintiff complies with the requirement that he must file a certified copy of his prisoner trust fund account statement for the six-month period immediately preceding the filing of his complaint.

In light of the foregoing, I recommend that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) be DENIED. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 5, 2018